10-1855-cr
United States v. Takacs

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of June, two thousand eleven.

PRESENT: DENNIS JACOBS,
      <u>Chief Judge</u>,
  RALPH K. WINTER,
  BARRINGTON D. PARKER,
      <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
  <u>Appellee</u>,

  -v.-          10-1855-cr

KRISZTIAN TAKACS,
  <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:** Gail Jacobs, Great Neck, New York.

**FOR APPELLEE:** Julie S. Pfluger, Assistant United States Attorney (Elizabeth A. Horsman, Assistant United States Attorney, <u>on the brief</u>), <u>for</u> Richard S. Hartunian, United States Attorney for the Northern District of New York.

Appeal from a judgment of conviction in the United States District Court for the Northern District of New York (Sharpe, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant-Appellant Krisztian Takacs ("Takacs") appeals from a judgment of conviction entered on May 11, 2010 in the United States District Court for the Northern District of New York (Sharpe, J.). After a jury trial, Takacs was convicted of a single count of making false statements to a federal officer in violation of 18 U.S.C. § 1001(a)(2). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a challenge to the sufficiency of the evidence de novo. United States v. Leslie, 103 F.3d 1093, 1100 (2d Cir. 1997). "In challenging the sufficiency of the evidence to support his conviction, a defendant bears a heavy burden." United States v. Hamilton, 334 F.3d 170, 179 (2d Cir. 2003). We "credit every [available] inference . . . in the government's favor, and affirm . . . . if 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" United States v. Reifler, 446 F.3d 65, 94-95 (2d Cir. 2006) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Although Takacs moved for a judgment of acquittal at the close of the Government's case, he did not renew his motion after the close of his defense. Accordingly, our review of his sufficiency challenge is limited to that of plain error or manifest injustice. See United States v. Finley, 245 F.3d 199, 202 (2d Cir. 2001).

"To convict a defendant of violating Section 1001, the government must prove that the defendant: (i) knowingly and willfully, (ii) made a statement, (iii) in relation to a matter within the jurisdiction of a department or agency of the United States, (iv) with knowledge that it was false or fictitious and fraudulent." United States v. Wiener, 96 F.3d 35, 37 (2d Cir. 1996). "[A] defendant may be convicted of making a false statement only if the government proves beyond a reasonable doubt that the defendant either knew the statement was false or acted with a conscious purpose to

avoid learning the truth." United States v. West, 666 F.2d 16, 19 (2d Cir. 1981) (internal citations omitted).  An act is willful if it is done intentionally; the Government need not prove that the defendant knew that making a false statement was illegal.  See United States v. George, 386 F.3d 383, 394 (2d Cir. 2004).

Takacs falsely claimed to a Customs and Border Patrol ("CBP") agent that he had never been denied entry into the United States and that he had never been denied a visa. Takacs later admitted to another CBP agent (and corroborated this admission at trial) that he was not truthful in his responses "[b]ecause [he] would have [been] immediately kicked off the train . . . ."  This admission alone sufficiently supported the conviction that Takacs knowingly and willfully made a false statement to a federal officer. See Reifler, 446 F.3d at 94.

We have considered Takacs' remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of conviction is **AFFIRMED**.

<div style="margin-left: 50%;">

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

</div>

3